# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| JESSICA IVESTER, | Case No. 2:24-CV-0126-RWS |
| Plaintiff, | Judge _____ |
| v. | |
| DIVIDEND, a Division of Fifth Third Bank, National Association, | (Removed from the Superior Court of Rabun County, Georgia, Case No. SUCV-2024-000096) |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant Dividend, a division of Fifth Third Bank, National Association ("Dividend"), through counsel and pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, hereby provide notice of the removal to this Court of the case entitled *Jessica Ivester v. Dividend, a Division of Fifth Third Bank, National Association*, having Case No. SUCV-2024-000096, and currently pending in the Superior Court of Rabun County, Georgia, (the "State Court Action"). As grounds for removal, Dividend states as follows:

### BACKGROUND

1. On April 25, 2024, Plaintiff Jessica Ivester ("**Plaintiff**") filed a Complaint in the Superior Court of Rabun County, Georgia, styled *Jessica Ivester v. Dividend, a Division of Fifth Third Bank, National Association*, Case No. SUCV-2024-000096 (the "**Lawsuit**").

2. The Superior Court of Rabun County, Georgia is located within the Gainesville Division of the Northern District of Georgia.

3. This lawsuit alleges multiple causes of action against Dividend related to the sale and installation of solar panels on Plaintiff's dwelling by a nonparty, Pink Energy f/k/a Power Home Solar, LLC. Specifically, Plaintiff alleges the following causes of action based on the acts and/or omissions of Pink Energy, for which he seeks to hold Dividend liable by way of the FTC Holder Rule (16 C.F.R. Part 433): (1) Fraud (Compl. ¶¶ 38–44); (2) Breach of Contract (Comp. ¶¶ 45-52); (3) Breach of the Implied Covenant of Good Faith and Fair Dealing (Compl. ¶¶ 53-59); (4) Breach of Express Warranty (Compl. ¶¶ 60-65); (5) Breach of the Implied Warranty of Merchantability (Compl ¶¶ 66-74); (6) Violation of the Implied Warranty of Fitness for a Particular Purpose (Compl. ¶¶ 75-83); (7) Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (Compl. ¶¶ 84-91); (8) Violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* (Compl. ¶¶ 92-99).

4. Dividend was served with the Complaint in this action on May 9, 2024.

5. Accordingly, this Notice of Removal is timely because it has been filed within thirty (30) days of Dividend's receipt of the Complaint, as required by 28 U.S.C. § 1446(b)(1).

6. Other than the aforementioned, no other proceedings have occurred in the State Court Action, and no other pleadings or process have been served.

7. This is not an action described in 28 U.S.C. § 1445.

8. Venue for removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place in which the State Court Action was pending.

9. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings filed in the record in the Sixth Judicial Circuit Court are attached as follows: **Exhibit 1** (Plaintiff's Initial Complaint); **Exhibit 2** (State Court Docket Sheet); **Exhibit 3** (all remaining State Court documents).

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, is being filed in the Superior Court of Rabun County, Georgia, and a copy of the same is being served upon all parties of record.

## DIVERSITY JURISDICTION

### Diversity of Citizenship of The Parties

1. This is a civil action that falls within this Court's original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

2. In the Complaint, Plaintiff alleges that he is a resident of Rabun County, Georgia.

3. Dividend is a division of and wholly-owned by Fifth Third Bank, National Association. Fifth Third Bank, National Association is a national banking association with its principal place of business in the State of Ohio. Therefore, Dividend is a citizen of Ohio for purposes of diversity jurisdiction. *See Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318 (2006).

4. Because Plaintiff is not a citizen of the same state as any Defendant, the parties are completely diverse. *See* 28 U.S.C. § 1332(a); and *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998).

### Amount in Controversy

5. The Complaint in the State Court Action alleges various causes of action relating to the installation of solar panels in Georgia state court.

6. Plaintiff requests multiple forms of relief in her Complaint, including rescission of the financing agreement she executed with Dividend, the refund of all payments she made to

Dividend, purported actual and statutory damages, punitive damages, and attorney's fees and costs. (Compl. at pp. 26-27).

7.  When a plaintiff seeks rescission of a loan, the amount in controversy includes the full value of the loan. *See Wilson v. Flagstar Bank, FSB*, No. 4:18-CV-00187-HLM-WEJ, 2019 U.S. Dist. LEXIS 235067, at *3–7 (N.D. Ga. Nov. 18, 2019). The value of Plaintiff's loan is $95,408.64. (Compl. ¶ 11).

8.  Although Dividend denies liability to Plaintiff for any of the damages sought in his Complaint, based on the foregoing, the amount placed in controversy by Plaintiff's Complaint exceeds $75,000.00, exclusive of interest and costs.

9.  Consequently, removal of this action to this Court based on diversity jurisdiction is both timely and proper under 28 U.S.C. §§ 1332(a) and 1441(a).

## FEDERAL QUESTION JURISDICTION

11. The Complaint purports to state a federal claim for a violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*). (Compl. ¶¶ 78–85).

12. The Complaint also alleges state law claims for: (1) common law fraud; (2) common law breach of contract (including an alleged breach of the implied covenant of good faith and dealing, styled as a standalone claim); (3) common law breach of warranty (including an alleged breach of the implied warranties of merchantability and fitness for a particular purpose, styled as a standalone claim); and, (4) a violation of the Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390 *et seq.*). (Compl. ¶¶ 38-83, 92-99).

13.     The United States District Court for the Northern District of Georgia has original jurisdiction over this action under 28 U.S.C. § 1331, because Plaintiff's Complaint alleges a violation of a federal statute and a claim for relief arising thereunder. *See, e.g.*, *Blab T.V., Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). Federal courts have federal question subject matter jurisdiction over Magnuson-Moss Warranty Act claims when the amount in controversy is greater than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d)(3). Plaintiff seeks rescission of a loan valued at $95,408.64. (Compl. ¶ 11). Therefore, this Court has original jurisdiction over Plaintiff's Magnuson-Moss Warranty Act claim. *Carrier v. Jordaan*, 746 F. Supp. 2d 1341, 1346 (S.D. Ga. 2010).

14.     Under 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the state law claims alleged in Plaintiff's Complaint because such claims arise out of the same facts and form part of the same case and controversy, as the claims over which the Court has original jurisdiction. *See, e.g.*, *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1566–67 (11th Cir. 1994).

## **VENUE AND PROCEDURAL REQUIREMENTS**

15.     The United States District Court for the Northern District of Georgia is the District Court for the district encompassing the Superior Court of Rabun County, Georgia, where the State Court Action is pending.  *See* 28 U.S.C. § 115(a)(1).  It follows then that venue is proper in this district under 28 U.S.C. § 1446(a).

16.     In accordance with 28 U.S.C. § 1446(d), Dividend will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of the Notice of Removal with the Clerk of Courts in the Superior Court of Rabun County, Georgia.

17.     Dividend expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

18.     By this Notice of Removal and the associated exhibits, Dividend does not waive any defenses or objections it may have to this action. Dividend reserves the right to raise all defenses and objections to Plaintiff's claims after the Lawsuit is removed to this Court.

## CONCLUSION

WHEREFORE, this action is properly removed from the Superior Court of Rabun County, Georgia, to the United States District Court for the Northern District of Georgia, pursuant to applicable sections of the United States Code. Please take notice that no further proceedings may be had in the Superior Court of Rabun County, Georgia.

This 6th day of June, 2024.

**BURR & FORMAN LLP**

/s/ Kelly E. Waits
Kelly E. Waits
Georgia Bar No. 142677

1075 Peachtree Street NE
Suite 3000
Atlanta, Georgia 30309
Telephone:   (404) 815-3000
Facsimile:   (404) 817-3244

kwaits@burr.com

*Attorneys for Defendant Dividend, a division of Fifth Third Bank, National Association*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 6, 2024 a true and correct copy of this document was served by U.S. Mail and electronic mail on:

Jarrett J. Farber
Kneupper & Covey PC
11720 Amber Park Drive, Suite 160, PMB 1271
Alpharetta, GA 30009
jarrett@kneuppercovey.com
*Counsel for Plaintiff*

                              **BURR & FORMAN LLP**

                              */s/ Kelly E. Waits*
                              Kelly E. Waits
                              Georgia Bar No. 142677
1075 Peachtree Street NE        kwaits@burr.com
Suite 3000
Atlanta, Georgia 30309           *Attorneys for Defendant Dividend, a division of*
Telephone:  (404) 815-3000     *Fifth Third Bank, National Association*
Facsimile:   (404) 817-3244